Chris VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 62672.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 19, 1979.

John R. Francis, Temple, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for burglary of a building. The punishment was assessed at imprisonment for two years, probated, and a $250 fine.

Appellant entered a plea of guilty and a judicial confession to the offense of burglary of a building. This offense is a felony of the second degree. V.T.C.A. Penal Code, Sec. 30.02(c). In assessing punishment the record shows that the district court treated the offense as a Class A misdemeanor and assessed a punishment of sixty days in jail, probated for one year, and a $250 fine. Nearly five months later, the State filed a motion to reopen punishment and assess a proper punishment, contending that the prior sentence was void. The district court granted the motion and this decision forms the basis of appellant's appeal. Appellant argues that the State's motion was tantamount to a State's motion for new trial and

that the court did not have the authority to grant such a motion and reset the punishment.

The punishment for a second degree felony is imprisonment for a period of from two to twenty years. V.T.C.A. Penal Code, Sec. 12.33. Unlike a third degree felony, there is no authority for reducing a second degree felony to a Class A misdemeanor. Compare id. at Sec. 12.44. The initial punishment assessed was therefore void. Since there was "a failure from any cause whatsoever to enter judgment and pronounce sentence," the district court had the authority to enter a proper judgment and pronounce sentence. Art. 42.06, V.A.C.C.P. In contrast to a motion for new trial, the defendant need not initiate any entry of proper judgment and pronouncement of sentence under Art. 42.06.

Appellant takes the position that a nunc pro tunc procedure can never be used to correct a judicial error, because a court can only correct what was done, not what should have been done. This position is true, but in this instance is irrelevant. If a punishment is void, assessment of a proper punishment is not a correction. In the key case cited by appellant, *Ex parte Pruitt*, 139 Tex.Cr.R. 438, 141 S.W.2d 333 (1940), the Court, using reasoning not applicable to the present penal code, held that the excessive sentence was *not* void, and thus barred a nunc pro tunc correction.

In *Cooper v. State*, 527 S.W.2d 898 (Tex.Cr.App.1975), appellant pleaded guilty to delivery of heroin and was sentenced to four years imprisonment. The trial court subsequently discovered that the minimum sentence for this offense was five years and, over the defendant's objection, set aside the punishment and sentence, assessed punishment at five years, entered judgment and pronounced sentence accordingly. This Court affirmed, holding that:

> "Since the trial court was not authorized to assess the punishment at 4 years because such period is not within the range set forth in the statutes, the original punishment set by the court and the sentence

based thereon were void . . . The original punishment and sentence being void, the trial court acted properly and within his authority in assessing a lawful punishment at the subsequent hearing, and in pronouncing sentence based on such punishment."

527 S.W.2d at 899; accord *Saunders v. State*, 511 S.W.2d 281 (Tex.Cr.App.1974). No error was committed.

The judgment is affirmed.

ROBERTS, J., not participating.