**Nelson Earl WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–84–577CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 1985.

Frumencio Reyes, Renato Santos Jr., Reyes & Barrera, Houston, for appellant.

John B. Holmes, Dist. Atty., Don Clemmer, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant Nelson Earl Williams pled guilty to aggravated robbery on August 17, 1981. The trial court awarded him a ten-year probated sentence. Almost three years later on July 13, 1984, the court set aside that portion of the judgment granting probation after realizing that appellant was not eligible for this remedy. The court then ordered appellant to begin serving his ten-year sentence. When the court denied appellant's subsequent motion for a new trial, appellant on August 27, 1984, filed a notice of appeal. He presents two grounds of error complaining that his guilty plea was involuntary because neither his attorney nor the trial court informed him that he was ineligible for probation.

■ Before addressing appellant's grounds of error, we must determine whether this court has jurisdiction over this appeal. Appellant's situation is highly un-

usual. It is true that he is not eligible for probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3f(a)(1)(D) (Vernon Supp.1985); *Rivas v. State,* 627 S.W.2d 494 (Tex.App.—San Antonio 1982, pet. ref'd). Therefore, the trial court's orders granting probation are void. *State ex rel Curry v. Gray,* 599 S.W.2d 630 (Tex.Crim.App.1980). Under these circumstances, the trial court technically possesses the authority to set aside the void portion of the judgment and enter a proper sentence. *See Villareal v. State,* 590 S.W.2d 938 (Tex.Crim.App.1979).

■ The only additional and unusual factor in this case is the considerable amount of time that has passed since the original judgment. While we sympathize with appellant's plight, we have found no authority allowing him to appeal at this time and in this manner. A direct appeal would lie only from the original judgment of August 17, 1981. Thus we find appellant's notice of appeal to be untimely; this court therefore has no statutory jurisdiction to hear this case. The proper remedy for appellant is a writ of habeas corpus or a motion for an out-of-time appeal.

We dismiss this case for want of jurisdiction.