**Ex parte Nelson Earl WILLIAMS.**

**No. 69534.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 19, 1986.

Frumencio Reyes, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Karen Zellars, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is a post-conviction writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Applicant pled guilty to aggravated robbery. The trial court assessed punishment at ten years confinement in the Texas Department of Corrections, probated. The trial court later discovered it could not impose probation and reassessed punishment at ten years confinement in the Texas Department of Corrections. In two contentions, applicant seeks release from custody and alleges that his plea of guilty was not knowingly and voluntarily entered because: 1) his attorney failed to inform him of the proper range of punishment, and 2) the trial court did not properly admonish him as to the range of punishment. See Art. 26.13(a)(1), V.A.C.C.P. We will address applicant's second ground of relief relating to the trial court's admonishments on punishment and grant relief.

Applicant was indicted for the felony offenses of capital murder, attempted capital murder and aggravated robbery. Trial was set for August 17, 1981. On that day, plea negotiations were initiated and a conference was held in the judge's chambers. Although the State refused to make a specific recommendation, the trial court agreed to place applicant on ten years probation for the offense of aggravated robbery. Applicant then filed an application for probation. Prior to accepting applicant's plea of guilty, the trial court admonished applicant of the following regarding the range of punishment:

THE COURT: You understand the penalty for the offense that you are pleading guilty may be incarceration, locked up, in the Texas Department of Corrections, the penitentiary, for a period of not less than five years nor more than 99 years or for life, plus the payment of a fine not to exceed $10,000.

THE DEFENDANT: Yes, sir.

THE COURT: Knowing that, you still persist that you want to plead guilty?

THE DEFENDANT: Yes, sir.

The trial court continued by admonishing applicant of the various constitutional rights he would be waiving. The trial court then questioned applicant as to his understanding of the plea agreement:

THE COURT: Now, you have filed with this Court—or has he [your defense attorney] told you that there is no agreement on the part of the District Attorney to make a recommendation in this case, except that he has explained to the court the circumstances surrounding the commission of the offense and the evidence that's available to both of you and to the District Attorney in this case, and the Court, based upon that conversation, that information between you and your attorney and the District Attorney, has agreed upon your plea of guilty that *the Court is going to give you a sentence of ten years in the Texas Department of*

*Corrections probated for a period of ten years.*[1] Do you understand that?

THE DEFENDANT: Yes, sir.

The trial court accepted applicant's plea of guilty and granted him ten years probation. However, on July 13, 1984, almost three years later, in a subsequent hearing to revoke applicant's probation, the trial court discovered it could not grant probation for the offense of aggravated robbery. See Art. 42.12, Sec. 3f(a)(1)(D), V.A.C.C.P. The trial court reassessed punishment at ten years confinement in the Texas Department of Corrections. Applicant filed a motion for new trial. The trial court rejected applicant's request. Applicant appealed, but the Court of Appeals dismissed the appeal for want of jurisdiction. *Williams v. State,* 692 S.W.2d 545 (Tex.App.—Houston [14th] 1985).

Applicant argues that his plea was not voluntary or knowing because the trial court inaccurately admonished him of the range of punishment available for the offense of aggravated robbery by informing him that probation could and would be granted. We now consider that claim.

Before accepting any plea of guilty or nolo contendere from a defendant, a trial court is required to admonish the defendant of "the range of punishment attached to the offense." Art. 26.13(a)(1), supra. The mandatory language of Art. 26.13(a), supra, creates a duty on the part of the trial court to inform a defendant accurately of the range of punishment prior to a defendant's plea of guilty or nolo contendere so that a free and voluntary plea is assured. This duty is completely separate from defense counsel's duty to provide effective assistance to the defendant. *Ex parte Battenfield,* 466 S.W.2d 569, 572 (Tex.Cr.App.1971).

■ This Court has long held that the "range of punishment" that must be included in an admonishment under Article 26.-13(a)(1), supra, does not include probation. Therefore, the general rule is that there is no mandatory duty for a trial judge to admonish a defendant as to his eligibility for probation. *Shields v. State,* 608 S.W.2d 924, 927 (Tex.Cr.App.1980); *Wilson v. State,* 436 S.W.2d 542 (Tex.Cr.App.1968). In some circumstances, however, a trial court may impose a duty upon itself under Article 26.13(a)(1), supra, to admonish a defendant accurately as to the availability of probation. *Harrison v. State,* 688 S.W.2d 497 (Tex.Cr.App.1985). See also *Ramirez v. State,* 655 S.W.2d 319 (Tex. App.—Corpus Christi 1983), no pet.

In *Harrison,* supra, a defendant pled guilty to aggravated robbery following plea negotiations with the State. The State made no recommendation as to punishment. The trial court assessed punishment at ten years and one day confinement in the Texas Department of Corrections. The Houston (1st) Court of Appeals held that the trial court failed to admonish the defendant accurately as to his ineligibility for probation.[2] We acknowledged that the trial court committed error when it misstated the availability of probation. However, we held that the trial court's inaccurate statement on the availability of probation was not reversible error because Article 26.-13(c), V.A.C.C.P., provides that "substantial compliance by the court [with the admonishment requirement] is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea *and* that he was misled or harmed by the admonishment of the court." (emphasis in original) Id., at 499.

1. All emphasis is supplied by the author of this opinion unless otherwise indicated.

2. After informing the defendant that the trial court could sentence defendant to "anything allowed by law," the trial court made the following admonishment:

"THE COURT: You may or may not be accorded probation. That would rest solely in the discretion of the court." *Harrison,* supra at 498.

Since the defendant was charged with aggravated robbery, the trial court did not have the discretion to consider probation. See Art. 42.-12, Sec. 3f(a)(1)(D), supra. Therefore, the trial court clearly volunteered an inaccurate admonishment regarding the availability of probation.

The defendant in *Harrison*, supra, offered no evidence that he was expecting probation or was misled by the court's erroneous admonishment. The defendant "utterly failed to show any reliance on the trial court's misstatement of the availability of probation." *Id.*, at 499. Therefore, the defendant failed to meet the detrimental reliance requirement of Art. 26.13(c), supra. We held that defendant's plea was substantially in compliance with Art. 26.-13(a)(1) and voluntary.

In *Ramirez*, supra, a defendant pled guilty to aggravated robbery. The trial court assessed punishment at five years confinement in the Texas Department of Corrections. The Corpus Christi Court of Appeals held that the trial court failed to accurately admonish the defendant as to the availability of probation.[3] The Court of Appeals reversed the conviction because the defendant had affirmatively sought probation and had pled guilty in anticipation that he would receive probation.

We noted in *Harrison*, supra at 499, that "the holding in *Ramirez* may be correct, insofar as it is error to advise a defendant that he may receive probation when he is statutorily ineligible...." We also noted that such error would not make a plea involuntary unless a defendant could also show, pursuant to Art. 26.13(c), supra, that he was unaware of the consequences of his plea *and* was misled or harmed.

In *Ramirez*, supra at 321, the Court of Appeals found that the defendant affirmatively sought probation and pled guilty in anticipation that he would receive probation. This finding provided the harm necessary for reversal under Article 26.13(c), supra.[4]

It is critical to note that in both *Harrison*, supra and *Ramirez*, supra, the trial courts did not initially have a duty under Art. 26.13(a)(1), supra, to admonish the defendants on the availability of probation.[5] See *Shields*, supra; *Wilson*, supra. However, the trial courts, in both cases, volunteered admonishments which included information as to the availability of probation. Under those circumstances, the trial courts became obligated, pursuant to Article 26.13(a)(1), supra, to provide the defendants with *accurate* information concerning the range of punishment as it related to probation so that the defendants' pleas would be voluntary and knowing. Otherwise, a trial court would be free to inaccurately admonish on probation, thus misleading a defendant, simply because there was no initial duty to admonish.

■ It is readily apparent from our holding in *Harrison*, supra, coupled with the language of Arts. 26.13(a)(1) and (c), supra, that a plea is involuntarily induced: 1) when a defendant shows that the trial court volunteered an admonishment that included information on the availability of probation, thereby creating an affirmative duty on the part of the trial judge to provide accurate information on the availability of probation, 2) when a defendant shows

---

3. In *Ramirez*, supra at 320, the trial court was aware of defendant's request for probation and made the following admonishment:
   "THE COURT: The range of punishment for this offense is by a term of life or not less than five nor more than ninety-nine years in the Texas Department of Corrections and by a fine not to exceed $10,000. In addition thereto, if you have made application for probation, you should be advised that your application may or may not be granted. Do you understand that?
   THE DEFENDANT: Yes, sir."
   The trial court could not have granted probation. See 42.12, Sec. 3f(a)(1)(D), supra. Therefore, the volunteered admonishment on probation was inaccurate.

4. We recognize that the Court of Appeals in *Ramirez*, supra at 322, stated in its conclusion that there was "no compliance" with Art. 26.13, supra, thus implying that an inaccurate admonishment on probation will always result in an involuntary plea. We reject this claim. A plea of guilty or nolo contendere which results from a volunteered and inaccurate admonishment on probation, will be involuntary under Art. 26.13, supra, only if a defendant has been left unaware of the consequences of his plea *and* has been misled or harmed.

5. We continue to note that the better practice would be for the cautious trial court to provide an accurate admonishment on the availability of probation, despite the initial absence of any duty to do so. See *Harrison*, supra at 500, n. 2.

that the trial court provided him with inaccurate information on the availability of probation, thereby leaving the defendant unaware of the consequences of his plea, and 3) when a defendant makes an objective showing that he was misled or harmed by the inaccurate admonishment.

1.  **Did the trial court volunteer an admonishment that included information on the availability of probation, thus creating an affirmative duty to provide accurate information on the availability of probation?**

■ In the instant case, the trial court, at first, limited his admonition on the range of punishment to a strict recitation of the term of years and amount of fine provided for aggravated robbery. However, the trial court continued by informing the applicant that he would be receiving probation pursuant to the trial court's earlier agreement.[6] We find that this additional statement effectively constituted a voluntary admonishment by the trial court on the availability of probation, which obligated the trial court, under Art. 26.13(a)(1), supra, to provide accurate information concerning whether probation was within the range of punishment allowed by law for aggravated robbery.

2.  **Did the trial court provide applicant with inaccurate information on the availability of probation, thus leaving applicant unaware of the consequences of his plea?**

In the instant case, applicant pled guilty to aggravated robbery. Article 42.12, Sec. 3f(a)(1)(D), supra, specifically eliminates probation as a punishment consideration if the offense of aggravated robbery is involved and the trial court assesses punishment. However, the trial court informed applicant that it would grant him probation, thus creating the understanding that probation was not only legally possible but imminent. Under these circumstances, we find that the trial court's admonishment, which implied that probation was within the range of punishment available for aggravated robbery, was significantly inaccurate.

The State makes no claim that applicant knew that probation was unavailable despite the trial court's inaccurate admonishment. Applicant testified that he was at all times unaware of his ineligibility for probation. Applicant's attorney was equally unaware. Apparently, the State also was unaware. Thus, the trial court's volunteered information on the availability of probation kept applicant ignorant of an important consequence of his plea.[7] Under these circumstances, we find that the trial court provided applicant with inaccurate information as to the availability of probation, thus leaving applicant unaware of the consequences of his plea.

3.  **Has applicant made an objective showing that he was misled or harmed by the inaccurate admonishment?**

In the instant case, applicant actively sought probation during plea negotiations. The trial judge recognized this affirmative representation when he agreed to grant applicant probation. Further, applicant filed a motion for probation prior to offering his plea of guilty. The trial court acknowledged applicant's request for probation by including the agreement to grant probation in his admonishments. Finally,

6.  A trial judge should not participate in plea discussions or negotiations until an agreement has been reached between a defendant and the State. See *Ex parte Shuflin,* 528 S.W.2d 610, 617, n. 1 (Tex.Cr.App.1975) and references to ABA Standards and Code of Judicial Conduct of the Judiciary of State of Texas quoted therein.

7.  During the hearing on the motion for new trial, the State argued that probation was possible because the trial court could have granted applicant deferred adjudication. Such an argument requires pure speculation as to the trial court's and defendant's intentions and is contradicted by the clear testimony in the record. See *Harrison,* supra at 499. Cf. *West v. State,* 702 S.W.2d 629 (Tex.Cr.App.1986).

in the hearing on applicant's motion for new trial, applicant testified that he fully expected to receive probation. Applicant's attorney acknowledged this same understanding. The State has not denied this understanding.

Based on this anticipation of probation, applicant pled guilty. The trial court did, in fact, originally grant applicant probation. This action temporarily satisfied applicant's expectation. However, almost three years later, the trial court reassessed punishment at ten years confinement in prison.[8]

Prior to entering plea negotiations, applicant was willing to proceed to trial. By pleading guilty, he waived his valuable rights of trial by jury, confrontation of witnesses and the right against self-incrimination, with the expectation that he would receive probation; ultimately, he received a sentence of ten years confinement in prison. Under these circumstances, we find that applicant has made an abundant objective showing that he was both misled and harmed by the trial court's inaccurate admonishment on the range of punishment.

The relief sought is granted. Applicant is remanded to the custody of the sheriff of Harris County to answer the indictment in Cause No. 325,658. The Clerk of the Court of Criminal Appeals will mail a copy of this opinion to the Texas Department of Corrections.

WHITE, J., concurs.

CLINTON, Judge, concurring.

That part of Article 26.13, V.A.C.C.P., primarily implicated by this postconviction writ of habeas corpus is simple and straightforward: "the court shall admonish the defendant of ... the range of punish-

ment attached to the offense." However, though the statute is mandatory, *Murray v. State*, 561 S.W.2d 821, 822 (Tex.Cr.App. 1977), what constitutes substantial compliance with its mandate became a "troubled area of the law," *Whitten v. State*, 587 S.W.2d 156, 157 (Tex.Cr.App.1979), and the Court then insisted that the trial court be responsible for giving the admonishment directly to an accused, explaining:

"The trial court ... must satisfy itself as to the propriety of guilty pleas and defendants should properly look to the trial court ... for admonishments on the law."

*Whitten v. State*, supra, at 159. When this Court and all other courts in the criminal justice system strictly adhere to that maxim, we do not need to search for answers to other questions unless Article 26.13(c) is implicated.

Abstractly at least, there may be included within range of punishment for a given offense "regular" probation contemplated by § 6 of former probation law and recently revised § 5 of Adult Probation Law, Acts 1985, 69th Leg., ch. 427, p. 2895, 9 Vernon's Texas Session Law Service (1985) 2895, 2907. Therefore, when before trial begins an accused properly files a written sworn motion for probation and persists in pleading guilty or nolo contendere in order to have a jury assess punishment, or when an accused waives trial by jury in favor of a trial before the court, pleads guilty or nolo contendere and timely requests the judge of the trial court to place him on probation, before accepting either plea the judge must correctly admonish him whether in the circumstances of the case probation is, as a matter of law, really within the range of punishment attached to the offense.[1]

---

8. The fact that the trial court altered the sentence three years later is irrelevant to today's opinion. If the trial court had discovered that the applicant was ineligible for probation immediately following acceptance of applicant's plea of guilty and then reassessed punishment at ten years confinement, the same result would still follow. It is the trial court's volunteered misinformation on the availability of probation *prior*

to acceptance of the guilty plea that makes applicant's plea involuntary and requires this Court to grant applicant relief.

1. The objective of thus construing Article 26.-13(a)(1) is prophylactic while that which the majority proposes is more remedial in nature. The former is reasonably derived from a common understanding that "regular" probation is a form of punishment; the latter judicially creates

"[W]here the admonishment is relevant to the voluntariness of the plea, as is true here with the admonishment on the range of punishment, substantial compliance cannot be satisfied merely because *other* required admonishments were provided." *Whitten,* supra, at 158.

Here the trial judge did not admonish appellant whether in the circumstances of his case probation was, as a matter of law, really within the range of punishment attached to the offense of aggravated robbery. In law it is not. Article 42.12, § 3f(a)(1)(D), V.A.C.C.P.[2] Had the trial judge correctly admonished appellant that the court was without authority to place him on "regular" probation (instead of assuring him that the court was placing him on probation for a period of ten years), appellant would then have been accurately informed by the court of the range of punishment attached to the offense. Since the judge did not, the question of substantial compliance is not in the case.

On that basis I join the Court in granting relief.

ONION, Presiding Judge, concurring in part and dissenting in part.

The applicant is entitled to the relief he seeks, but the majority is not entitled to foul up the admonishment procedures under Article 26.13, V.A.C.C.P., in felony cases in an attempt to reach the right result.

This is not an admonishment "as to the range of punishment" case and should not be treated as such. In doing so the majority only muddies the legal waters and adds to the confusion as to just what the law requires.

The voluntary character of the guilty plea involved was lacking due to the improper involvement of the trial judge in a plea bargaining situation, the direct misrepresentation and inducement of defense counsel as to applicant's right to probation, compounded by the judge's promise from the bench to give 10 years' probation for aggravated robbery when at all times because of the nature of the offense the applicant was not eligible for probation. Any attempt to transform this case simply into some sort of failure to give the proper range of punishment admonishment is incredible.

The record in the post-conviction application for writ of habeas corpus reflects that appellant was indicted for capital murder, attempted capital murder and aggravated robbery. Plea negotiations commenced on August 17, 1981 between the assistant district attorney and the defense counsel. These negotiations led to a conference in the trial judge's chambers. The prosecutor indicated he would make no specific recommendations but would not oppose probation. The trial judge there agreed to place the applicant on 10 years' probation for the offense of aggravated robbery. Of course, under the law applicant was not eligible for probation for the offense of aggravated robbery. See Article 42.12, § 3f(a)(1)(D), V.A.C.C.P. After such plea negotiations

a "duty" that may be selfimposed by a trial court. Neither is precluded by prior decisions of the Court, however.

The Court has indeed stated generally that Article 26.13 does not require an admonishment as to right of an accused to probation. However, considering the genesis of that proposition and a lack of explication, one cannot rightly regard such statement as a *holding* by the Court. It may be traced to *Wilson v. State,* 436 S.W.2d 542 (Tex.Cr.App.1968), and *Brown v. State,* 478 S.W.2d 550 (Tex.Cr.App.1972), as did *Shields v. State,* 608 S.W.2d 924, 927 (Tex.Cr.App.1980). But in 1968 and 1972 *Article 26.13 did not in terms require "the range of punishment attached to the offense" be included in an admonishment.* That was mandated by Acts 1975, 64th Leg., Ch.

341, p. 909, § 3, effective June 19, 1975. No other case cited was decided after the 1975 requirement became effective.

**2.** Regardless of eligibility of appellant, "regular" probation was not within the range of punishment because the trial court was without authority to place him on probation. The authority granted by §§ 3 and 3c of Article 42.12 is effectively withdrawn by § 3f(a) in situations it prescribes. To be distinguished, of course, is deferred adjudication under § 3d; it is not punishment in the usual sense of our statutes, but "an alternative 'allowed by law,'" *Harrison v. State,* 688 S.W.2d 497, 501 (Tex.Cr.App.1985) (Concurring Opinion).

with the prosecutor and judge, the defense counsel went to the applicant and informed him of the agreement. Thereafter a motion for "regular" probation was filed. The State abandoned the other counts of the indictment and the applicant entered a plea of guilty before the court to the offense of aggravated robbery. The trial court properly admonished the applicant of the range of punishment applicable to the said offense. Subsequently in the colloquy with the applicant the trial judge explained there was no agreement by the prosecution as to any plea bargain, however that he, after consultation with the prosecutor and defense counsel, had agreed to assess 10 years' imprisonment and grant probation. This was not a part of the admonishment as to the range of punishment applicable to the offense as required by Article 26.13, V.A.C.C.P., but a statement as to what the court had agreed to do as to punishment in that particular case as a result of a "plea bargain" about which the court was required to inquire and admonish the appellant in accordance with Article 26.13, V.A.C.C.P.[1]

The court accepted the guilty plea and placed applicant on probation for 10 years. On July 13, 1984, almost three years later, there was a hearing on the State's motion to revoke probation which alleged another capital murder and another aggravated robbery, and a failure to report to the probation officer as required. At the hearing it was made known to the court that it had no authority in the first place to have granted probation to the applicant. A discussion ensued whether to proceed on the revocation motion or on a new allegation for revocation that applicant had not been entitled to probation. See *Popham v. State*, 154 Tex.Cr.R. 529, 228 S.W.2d 857 (1950); *Harley v. State*, 169 Tex.Cr.R. 341, 334 S.W.2d 287 (1960); *Tritt v. State*, 379 S.W.2d 919 (Tex.Cr.App.1964); *Branch v. State*, 477 S.W.2d 893, 896 (Tex.Cr.App. 1972); *Tamez v. State*, 620 S.W.2d 586 (Tex.Cr.App.1981), or to set aside the order of probation. The court chose the latter course and then sentenced the applicant on July 13, 1984. A motion for new trial was filed and heard and then overruled. Applicant appealed. The Court of Appeals dismissed the appeal for want of jurisdiction.

---

**1.** Article 26.13, V.A.C.C.P., in effect at the time of the 1981 conviction read:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense;

"(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and neither the fact that the defendant had entered a plea of guilty or nolo contendere nor any statements made by him at the hearing on the plea of guilty or nolo contendere may be used against the defendant on the issue of guilt or punishment in any subsequent criminal proceeding; and

"(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by

the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

(Acts 1979, 66th Leg., p. 1108, ch. 524, § 1, eff. Sept. 1, 1979; Acts 1979, 66th Leg., p. 1160, ch. 561, § 1, eff. Sept. 1, 1979.)

It is observed that the range of punishment admonishment is contained in § (a)(1), and the inquiry into any plea bargain and the requirement that the court inform the defendant whether he will follow or reject any plea bargain agreement is found in § (a)(2). In the instant case in telling the applicant he would get 10 years' probation the court was attempting to comply with § (a)(2), not § (a)(1).

See *Williams v. State*, 692 S.W.2d 545 (Tex.App.—Houston [14th] 1985).[2]

Subsequently the applicant filed his post-conviction application for writ of habeas corpus in the convicting court. See Article 11.07, V.A.C.C.P. The trial judge then made findings of facts confirming the conference in chambers and the judge's agreement to give probation, defense counsel informing applicant of the agreement, applicant's decision to plead guilty upon counsel's advice that applicant would get probation, the filing of the motion for probation, the entry of the plea of guilty, the court informing applicant he would get 10 years' probation, as well as other facts set out. The trial court concluded that applicant was misinformed as to his eligibility for probation by his attorney which the court overtly approved and that he was significantly influenced by such misinformation in entering his guilty plea. The trial court recommended relief be granted citing *Ex parte Kelly*, 676 S.W.2d 132 (Tex.Cr.App. 1984), and *Ex parte Evans*, 690 S.W.2d 274 (Tex.Cr.App.1985).

It is axiomatic that a plea of guilty or nolo contendere should not be accepted by the court unless it is freely and voluntarily made. Article 26.13, V.A.C.C.P. The constitutional key to the validity of a guilty plea is that it be voluntary and intelligently made. *Meyers v. State*, 623 S.W.2d 397 (Tex.Cr.App.1981). "There is perhaps no phase of the law regarding the rights of one accused of crime that has been more zealously guarded by the courts than that which requires that a plea of guilty be freely and voluntarily entered by the accused." *Patterson v. State*, 156 Tex.Cr.R. 489, 244 S.W.2d 217 (App.1951).

A plea of guilty or nolo contendere will not support a conviction when that plea is motivated by significant misinformation conveyed by the court or one of its officers. *Shepherd v. State*, 673 S.W.2d 263 (Tex. App.—Houston [1st] 1984), and cases there cited.

Further, a guilty plea is void if induced by promises or threats which deprived it of the character of a voluntary act. *Brown v. Beto*, 377 F.2d 950 (5th Cir.1967). And an improper plea bargain renders a guilty plea involuntary. *Gibson v. State*, 532 S.W.2d 69, 76 (Tex.Cr.App.1975), cert. den. 429 U.S. 822, 97 S.Ct. 72, 50 L.Ed.2d 83. Where the plea bargain is not kept, the defendant is entitled to have the conviction set aside because the voluntariness of the guilty plea has been affected.

In the instant case the trial judge improperly engaged in the plea bargaining process,[3] agreeing to assess 10 years' probation. The State did not object, and the

**2.** The Court of Appeals wrote:

"... Appellant's situation is highly unusual. It is true that he is not eligible for probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3f(a)(1)(D) (Vernon Supp.1985); *Rivas v. State*, 627 S.W.2d 494 (Tex.App.—San Antonio 1982, pet. ref'd.) Therefore, the trial court's orders granting probation are void. *State ex rel. Curry v. Gray*, 599 S.W.2d 630 (Tex.Crim. App.1980). Under these circumstances, the trial court technically possesses the authority to set aside the void portion of the judgment and enter a proper sentence. *See Villarreal v. State*, 590 S.W.2d 938 (Tex.Crim.App.1979).

"The only additional and unusual factor in this case is the considerable amount of time that has passed since the original judgment. While we sympathize with appellant's plight, we have found no authority allowing him to appeal at this time and in this manner. A direct appeal would lie only from the original judgment of August 17, 1981. Thus we find appellant's notice of appeal to be untimely; this court therefore has no statutory jurisdiction to hear this case. The proper remedy for appellant is a writ of habeas corpus or a motion for an out-of-time appeal."

Of course, the Court of Appeals was wrong. The trial court's order suspending the imposition of sentence and granting probation was void, and that court had the authority to set aside the void order and proceed as if the void order had never been entered and to impose sentence. When it did in this case and applicant gave notice of appeal, the Court of Appeals clearly had jurisdiction.

**3.** A trial judge should carefully avoid participation or the appearance of participation in a plea discussion or negotiations until such time as an agreement has been reached. It is only after the trial judge has passed on the evidence and the plea that he can allow himself to express his personal offer of assistance to the defendant. *Ex parte Shuflin*, 528 S.W.2d 610 (Tex.Cr.App.1975); *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5 (Tex.Cr.App.1983).

defense counsel then told applicant of the judge's agreement and then filed a motion for probation, and advised applicant to plead guilty.[4] From the bench the trial judge informed and promised the applicant in open court he would assess 10 years' probation upon applicant's plea of guilty. The prosecutor stood idly by apparently because of his agreement not to make a specific recommendation. It is difficult to believe that neither the court nor the attorneys involved were unaware that anyone convicted of aggravated robbery was ineligible for regular probation. Nevertheless, under the circumstances presented it is clear that the plea of guilty was improperly induced, was not voluntarily entered, and that the resulting conviction was void. Defense counsel's erroneous advice compounded by the trial judge's actions and promise deprives applicant's plea of guilty of its voluntary character and entitles him to the relief he seeks. On this basis I concur in the judgment of the court.

I must vigorously dissent, however, to the interpretation given by the majority to Article 26.13, V.A.C.C.P., applicable in some cases and not in others, dependent apparently upon the trial court's actions and other circumstances. The majority says, "In some circumstances, however, a trial court may impose a duty upon itself under Article 26.13(a)(1), supra, to admonish a defendant *accurately*[5] as to the availability of probation." (Emphasis added.) Today it is probation, tomorrow a world of things a trial judge may never guess he was required to do.

Not only is it unnecessary, it is wrong to use this case as a vehicle for enlarging the requirement of admonishment as to "the range of punishment attached to the offense" under Article 26.13(a)(1), supra.

This Court has long held that Article 26.13, V.A.C.C.P., does not require the trial judge in a felony case to admonish the defendant upon his plea of guilty or nolo contendere as to his eligibility or right to probation. *Wilson v. State*, 436 S.W.2d 542 (Tex.Cr.App.1968); *Gonzales v. State*, 456 S.W.2d 137 (Tex.Cr.App.1970); *Vasquez v. State*, 477 S.W.2d 629 (Tex.Cr.App. 1972); *Brown v. State*, 478 S.W.2d 550 (Tex.Cr.App.1972). The trial judge does not have to tell the defendant of his right to make application or motion for probation. *Vasquez v. State*, supra; *Graham v. State*, 498 S.W.2d 197 (Tex.Cr.App.1973), or that the jury as well as the court has the authority to grant probation. *Wilson v. State*, supra; *Johnson v. State*, 445 S.W.2d 211 (Tex.Cr.App.1969); *Laue v. State*, 491 S.W.2d 403 (Tex.Cr.App.1973).[6]

4. In recent cases this Court has reversed convictions or granted habeas corpus relief when a guilty plea is induced by a direct misrepresentation of defense counsel. *Ex parte Griffin*, 679 S.W.2d 15 (Tex.Cr.App.1984), or because of such counsel's inaccurate advice about the consequences of the plea of guilty. *Ex parte Kelly*, supra; *McGuire v. State*, 617 S.W.2d 259 (Tex. Cr.App.1981); *Ex parte Burns*, 601 S.W.2d 370 (Tex.Cr.App.1980).

5. Substantial compliance as mentioned in Article 26.13, supra, apparently has no application to admonishment as to the availability of probation by the judicial fiat issued today enlarging the requirements of § (a)(1) of the statute.

6. In the second paragraph of footnote #1 of Judge Clinton's concurring opinion, he takes note that this Court has stated generally there is no requirement to admonish a defendant as to his right to probation. Then he observes that *Wilson* and *Brown* were decided in 1968 and 1972 prior to the 1975 amendment to Article 26.13, V.A.C.C.P., which now includes the necessary admonishment as to "the range of punishment attached to the offense," and that no cases decided since 1975 were cited.

When enacted in 1965, Article 26.13, supra, provided in part:

"If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished of the consequences; ...."

With the exception of the language concerning a plea of "nolo contendere," it was the language used from 1856 in all of the forerunners of Article 26.13. See dissenting opinion in *Bosworth v. State*, 510 S.W.2d 334 (Tex.Cr.App. 1974).

In *Alexander v. State*, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (App.1956), this Court wrote:

"It is apparent that the court failed to admonish the appellant *as to the consequences of his plea* of guilty, that is, *the punishment provided by law for the offense charged and the punishment which could be inflicted under such plea.*"

*Alexander* has been consistently followed and cited. *Williams v. State*, 415 S.W.2d 917, 919

And it has been held more recently that the trial judge need not under Article 26.13, supra, admonish a defendant as to the consequences of deferred adjudication, *Shields v. State*, 608 S.W.2d 924, 927 (Tex.Cr.App. 1980); *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1980), although it might be better practice to do so. *McNew v. State*, supra.

It has also been held that Article 26.13, supra, does not require that the admonishment as to the range of punishment include telling a defendant his conviction upon his plea of guilty may later be used for enhancement of punishment in a subsequent case. *Green v. State*, 491 S.W.2d 882 (Tex. Cr.App.1973); *Cooper v. State*, 492 S.W.2d 545 (Tex.Cr.App.1973). Further, the trial court is not required to admonish as to its discretion to cumulate sentences. *Simmons v. State*, 457 S.W.2d 281 (Tex.Cr. App.1970).

Still further, it is unnecessary to admonish a defendant who pleads "true" or "not guilty" to the allegations of prior convictions for enhancement of punishment at a bifurcated trial. *Preston v. State*, 457 S.W.2d 279 (Tex.Cr.App.1970), and *Harvey v. State*, 611 S.W.2d 108 (Tex.Cr.App.1981), cert. den. 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123. See also *Crowder v. State*, 424 S.W.2d 637 (Tex.Cr.App.1968).

It has also been said that parole eligibility is a collateral consequence of the entry of a guilty plea in a felony case and a defendant is not entitled to be informed of the eligibility for parole by the court. *Ex parte Young*, 644 S.W.2d 3 (Tex.Cr.App. 1983). And it is not necessary to admonish a defendant of his ineligibility to shorten his sentence by accumulating good time credit. *Lewis v. State*, 630 S.W.2d 809, 811 (Tex.App.—Houston [1st] 1982).

While the majority may intend to limit its holding to situations where a defendant is ineligible for "regular" probation, it is interesting to observe the principal authority cited by the majority.

*Harrison v. State*, 688 S.W.2d 497 (Tex. Cr.App.1985), was an appeal involving an aggravated robbery conviction. There the Court held that while the trial court erred in admonishing Harrison regarding probation, Harrison failed to show he was misled to his detriment, and the error was thus harmless.

In *Harrison* this Court observed the general rule that a trial court has no duty to admonish as to the availability of probation and then wrote:

"However, this Court has previously found error where a trial court improperly admonishes as to probation when a defendant is ineligible *and* it is apparent from the record that the defendant is seeking probation. See *Jones v. State*, 596 S.W.2d 910 (Tex.Cr.App.1980); *Lewis v. State*, 630 S.W.2d 809 (Tex.Cr.App. 1982); *West v. State*, 661 S.W.2d 305 (Tex.Cr.App.1983)." (Emphasis in original.)

(Tex.Cr.App.1967); *Wilson v. State*, 456 S.W.2d 941, 943 (Tex.Cr.App.1970) (concurring opinion); *Ex parte Battenfield*, 466 S.W.2d 569, 571 (Tex.Cr.App.1971); *Ex parte Marshall*, 479 S.W.2d 921 (Tex.Cr.App.1972); *Wright v. State*, 499 S.W.2d 326 (Tex.Cr.App.1973); *Reed v. State*, 500 S.W.2d 137, 138 (Tex.Cr.App.1973); *Alvarez v. State*, 511 S.W.2d 521 (Tex.Cr.App. 1974).

It is clear that required admonishment as to the "consequences" of his plea used prior to the 1975 amendment to Article 26.13 had reference to "the range of punishment provided by law," *Reed*, supra, and the Legislature in 1975 wrote into the statute the same meaning used in the prior decisional law.

In the opinion on original submission in *Taylor v. State*, 591 S.W.2d 826 (Tex.Cr.App.1979), it was written:

"Even prior to 1975 when Article 26.13, supra, was amended to explicitedly provide that a defendant must be admonished as to the range of punishment attached to the offense, this court held that a trial court must admonish a defendant in a felony case of the consequences of his plea, including the punishment provided by law for the offense and the punishment which could be inflicted under his plea." See also *Eubanks v. State*, 599 S.W.2d 815 (Tex.Cr.App.1980).

Also noting the consistency between the pre and post 1975 law regarding admonishment as to the range of punishment attached to the offense are *Shepherd v. State*, 673 S.W.2d 263 (Tex.App.—Houston [1st] 1984), and *Stubblefield v. State*, 659 S.W.2d 496, 497 (Tex.App.—Ft. Worth 1983), no pet. for review.

The cases cited in *Harrison* simply do not support the proposition for which they are cited. In fact, the cited *Lewis* and *West* cases are not even opinions of this Court as claimed.

In *Jones*, a panel opinion of this Court, without any motion for en banc rehearing, the defendant claimed the trial court erred in failing to admonish him that he was ineligible for probation. There the Court wrote: "We do not agree that appellant was ineligible for felony probation, and we do not find error in the trial court's failure to so admonish him."

The Court simply disposed of the contention raised by finding the defendant was in fact eligible for probation. There was nothing to suggest that if the defendant had been ineligible for probation reversible error was presented by the failure to admonish. Article 26.13, V.A.C.C.P., was not mentioned nor was there a discussion of any previous admonishment cases. *Harrison* misinterpreted the panel opinion in *Jones*.

In *Lewis v. State*, 630 S.W.2d 809, 811 (Tex.App.—Houston [1st Dist.] 1982), not an opinion of this Court, the defendant claimed the court neglected to admonish him as to his ineligibility for probation upon a finding that he was guilty of aggravated robbery. The Court of Appeals first noted that Article 26.13, supra, requires only admonishment as to the "range of punishment attached to the offense." The defendant, however, relied upon *Jones* that he must be admonished as to his ineligibility for probation.

In response the Court of Appeals stated:

"... While the court [in *Jones* ] did intimate in that opinion that an explanation concerning the defendant's ineligibility for probation should have been given to the defendant had the court affirmatively found that the crime was committed with a weapon, the court also relied heavily on the fact that defendant had urged probation upon the court. This latter fact indicates that the court is required to warn the defendant concerning probation only if the defendant is hoping to receive, and actively pushes for, a probated sentence."

It is clear the Court of Appeals misinterpreted *Jones* as indicated above and read things into *Jones* that are not there. Further the Court of Appeals stated *Jones* relied heavily on the fact the defendant urged probation upon the court. Nothing in *Jones* indicates such reliance. The *Jones* court in merely stating the contention wrote:

"He contends that the court should have warned him that he was not eligible for probation, after it became apparent that appellant was urging the court to grant him probation."

No further reference is made to the "urging of probation" in the balance of the *Jones* opinion. The Court of Appeals gratuitously added to *Jones* something that was never there. *Lewis* thus furnishes no support for the proposition so nobly advanced in *Harrison*.

*West v. State*, 661 S.W.2d 305 (Tex.App. —Houston [1st Dist.] 1983), not an opinion of this Court as *Harrison* would lead the reader to believe, involved an aggravated robbery conviction. The defendant rejected, upon counsel's advice, the State's offer of a recommendation of 15 years' imprisonment and entered a guilty plea before the court after filing a motion for probation. The court accepted the plea and subsequently ordered a pre-sentence investigation. At the penalty stage of this bifurcated guilty plea the court denied the motion for probation and assessed punishment at 25 years. At the motion for new trial it was developed that the defendant had been advised by counsel to reject the 15 year plea bargain offer because he was a first offender and the court would be lenient with him, and that he had a good chance for probation, although in fact he was not eligible in view of the aggravated robbery offense. On appeal the Court of Appeals held that counsel's advice to reject the plea bargain was trial strategy that backfired, but "this unsuccessful strategy combined with appellant's misunderstanding of his eligibility for some type of probation, we

find that appellant's guilty plea was not knowingly and voluntarily entered because it was substantially induced by his counsel's significantly misleading statements and erroneous legal advice. *Cooks v. United States*, 461 F.2d 530 (5th Cir.1971 [1972])."

After reaching that conclusion the Court went further. Noting that Article 26.13, supra, does not expressly require admonishment as to eligibility for probation, the Court believed the "better course" to ensure the voluntariness of the guilty plea is to timely admonish a defendant of his ineligibility for probation, citing *Ramirez v. State*, 655 S.W.2d 319, 321 (Tex.App.—Corpus Christi 1983, no pet. history).

Thus the *West* decision by the Court of Appeals does not support the proposition for which it was cited in *Harrison*. Further, on State's petition for discretionary review this Court in *West* reversed the Court of Appeals, finding, after a full discussion of the facts, that the plea was freely and voluntarily entered and that it was deferred adjudication, not "regular" probation that West and his attorney hoped to receive and for which West was eligible. This Court concluded that West was accurately advised. *West v. State*, 702 S.W.2d 629 (Tex.Cr.App.1985).

It should be clear that neither *Harrison, Jones, Lewis* nor *West* stand for the proposition now cited by the majority in the instant case.

As can be seen, *Harrison* is a house of cards built upon the shifting sands. There is no foundation for the majority's holding. The attempt to make this an admonishment case is ill-advised at best. We do not need another three-prong test, a two-step analysis or a multi-stage standard in our decisional law. There are enough of those now to decorate a Christmas tree.

The majority has fashioned a "remedy" for an evil which offers no cure. It may be a placebo for the reader, but surely the majority cannot believe that it will assuage the situation where the trial judge is ignorant or unaware of the law and he is not otherwise advised. Nor would it save a case where there is an intentional disregard of the law. If the "remedy" had been in place at the time of the instant case, it would not have changed the situation. It can only spawn further legal complexities, further delay and increase appellate case loads involving guilty pleas. It adds nothing to the jurisprudence of this state.

Further, the majority should keep in mind that where a defendant enters a plea of guilty or nolo contendere in a felony case and the trial court determines the plea is voluntarily made, the trial court is not required to instruct the accused on every aspect of the law pertinent to his case; it is not the trial court's function to act as legal counsel for the defendant. *Rose v. State*, 465 S.W.2d 147 (Tex.Cr.App.1971). Both prosecutor and defense counsel are officers of the court and should call to the trial court's attention errors in the admonishment. *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973).

I concur in the result only.

TOM G. DAVIS and McCORMICK, JJ., join in this opinion.

TEAGUE, Judge, dissenting.

The record of this cause reflects that on August 17, 1981, after Nelson Earl Williams, hereinafter referred to as the applicant, entered a plea of guilty to the offense of aggravated robbery, the trial judge assessed his punishment at ten years' confinement in the Department of Corrections, but then ordered that the applicant be placed on adult probation for ten years. The law, however, prohibited the trial judge from probating the punishment. See Art. 42.12, Sec. 3f(a)(1)(D), V.A.C.C.P. On July 13, 1984, *almost three years later*, in attacking the State's motion to revoke the applicant's probation, counsel for the applicant urged in the motion to quash that he filed that the applicant's conviction was void because, inter alia, the trial judge did not have the lawful authority to probate the punishment. After the hearing on the motion to quash, even though the term of court in which the conviction had occurred

had expired and the judgment of conviction had legally become final, the trial judge, sua sponte, set aside the applicant's probation, for a reason not provided for in the provisions of Art. 42.12, supra, and sentenced him to serve ten years in the Department of Corrections. The motion to quash was thereafter denied. No hearing was conducted on the State's motion to revoke the applicant's probation. Almost two months later, the State's motion to revoke the applicant's probation was dismissed.[1]

The majority opinion states the following in footnote 8:

The fact that the trial court altered [sic] the sentence three years later is irrelevant to today's opinion.

I am unable to agree with the statement contained in footnote 8 because if the trial judge did not have jurisdiction to set aside the probation of the applicant, that he, the trial judge, almost three years before had granted the applicant, and if the State is barred because of laches from obtaining a writ of mandamus, then the applicant's plea of guilty is valid and not void, and the judgment and sentence in this cause should not be set aside on the basis that his plea of guilty is void for the reasons stated in the majority opinion. For the reasons I state herein, the conviction should be upheld, the "new" sentence set aside, and the applicant's probation reinstated.

In disagreeing with the majority opinion's statement in footnote 8, I acknowledge that the applicant does not complain in his application for writ of habeas corpus about the action of the trial judge in setting aside his probation. However, *because the act of the trial judge did not occur in the same term of court* when he placed the applicant on probation, and also *because the judgment of conviction had become final*, the question or issue whether the trial judge had jurisdiction to set aside the probation is before this Court and subject to review on this Court's own motion. E.g. *Lechuga v. State*, 532 S.W.2d 581 (Tex.Cr.App.1976).

The error of the trial judge in unlawfully placing the applicant on probation was "judicial error" and not "clerical error." When a trial judge acts pursuant to a false or mistaken conception or application of the law, such is "judicial error" and not "clerical error." In *Ex parte Pruitt*, 139 Tex. Cr.R. 438, 141 S.W.2d 333 (App.1940), this Court stated the following about "judicial error": "The judgment speaks the truth as to the [erroneous] punishment actually assessed against relator by the court. The mistake is one of law—a judicial error—and not one of fact. This being true the trial court is without power to correct the error after the term of court adjourned at which the judgment was entered." (Citations omitted.) In this instance, the judgment also speaks the truth as to the punishment actually assessed; judicial error occurred when the trial judge unlawfully ordered the punishment probated.

It is, or should now be, axiomatic that if an unlawful punishment has been assessed by the trial judge, and the term of the trial court has expired or adjourned *and* the judgment of conviction has become final, as here, the trial judge is without jurisdiction, authority, or power to correct on his own the unlawful punishment that he assessed, nor may he at that late date, on his own, reassess the punishment. This rule of law is to be distinguished from "clerical error", which is usually a mistake of commission or omission by a clerk, counsel, judge, or printer which is not the result of the exercise of a judicial function, and as such may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court

---

**1.** Interestingly, had there been a hearing on the State's motion to revoke and thereafter the trial judge had granted the motion and revoked the probation, the applicant could not have complained on appeal that his conviction was void because the trial judge was without authority to place him on probation. See *Branch v. State*, 477 S.W.2d 893 (Tex.Cr.App.1972); *Tamez v. State*, 620 S.W.2d 586 (Tex.Cr.App.1981). "If the court did not have authority to grant probation, there is no error in its revocation." *Branch*, supra, at page 896.

orders. This is often called a "nunc pro tunc proceeding." 229 *Black's Law Dictionary* (1979 Edition). See *Ramirez v. State*, 587 S.W.2d 144 (Tex.Cr.App.1979). Cf. *O'Hara v. State*, 626 S.W.2d 32 (Tex.Cr. App.1982); *Ex parte Voelkel*, 517 S.W.2d 291 (Tex.Cr.App.1975); *Ex parte O'Connor*, 394 S.W.2d 815 (Tex.Cr.App.1965); *Ex parte Pruitt*, supra.

The judgment of conviction in this cause became final after the expiration of the time allowed for the filing of a motion for new trial or the filing of notice of appeal. In this instance, the applicant did not file a motion for new trial prior to the trial judge setting aside the probation, nor did he give notice of appeal prior to that time, nor did he ever complain in a post-conviction application for writ of habeas corpus of the action of the trial judge placing him on probation, at least prior to the State filing its motion to revoke his probation.[2]

Therefore, at the time when the trial judge set aside the applicant's probation, not only had the term of court expired but the judgment of conviction was then final. After the term of court had expired and after the judgment of conviction had become final, other than to correct clerical errors, by way of a nunc pro tunc proceeding, the trial judge in this cause no longer had any jurisdiction to correct his error, although pursuant to the provisions of Art. 42.12, supra, he did have jurisdiction over the person of the applicant to take any action allowed by that statute. There is, however, no provision in Art. 42.12, supra,

that would have permitted the trial judge to take the action he did in this cause—ordering that the applicant's probation be set aside because he had unlawfully placed applicant on probation.

Although the ancient, historical, and legal phrase "term of court" is not often discussed by this Court, research reflects that it is and can be extremely important in our jurisprudence; especially in such situations as the one at bar.

The "term of court" is the time prescribed by law within which it may be in session to hear causes and transact judicial business. It signifies the period from the first day of the term fixed by law until court is adjourned to the next court in course. A "term of court" is to be distinguished from a "session" of the court. A "term of court" is the legally prescribed time for the actual holding of sessions of court within that time.[3] Each occasion of such holding is a "session" of the court, and there may be as many or more sessions as there are days allotted to the term. A "term of court" continues until the call of the next succeeding term, unless it should affirmatively appear that before that time it had been adjourned sine die. *Dees v. State*, 28 So. 849, 78 Miss. 250 (Miss.1900), quoting *Townshend v. Chew*, 31 Md. 247.

The eighteenth century English legal historian Sir Henry Spelman traced the origin of "terms of court" to the canonical constitutions of the church. The canonical constitutions provided for four ordinary feasts

---

**2.** Of course, had the applicant initiated the complaint, either on direct appeal or by way of post-conviction habeas corpus, that the trial judge was without lawful authority to order his punishment probated, either an intermediate appellate court or this Court would have granted him relief by ordering the cause remanded to the trial court for proper assessment of punishment by the trial judge. Cf. *Miller v. State*, 472 S.W.2d 269 (Tex.Cr.App.1971); *Wagoner v. State*, 434 S.W.2d 868 (Tex.Cr.App.1968). If a jury assesses an unlawful punishment, and the defendant properly complains, the defendant must be granted a complete new trial. See the cases cited in *Ocker v. State*, 477 S.W.2d 288 (Tex.Cr.App.1972). But also see Senate Bill 1349, Acts, 69th Leg., effective June 11, 1985, which provides that a verdict and judgment may

now be reformed when an unauthorized punishment has been assessed by a jury. See *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Cr.App.1985).

**3.** Pursuant to the provisions of Art. 199 (176), V.A.C.S., the trial court in this cause has four terms each year, one term beginning the first Monday in May, one term beginning on the first Monday in August, one term beginning on the first Monday in November, and one term beginning on the first Monday February of each year. Art. 199 (176), V.A.C.S. Thus, the term of court in which the applicant was placed on adult probation had long since expired when the trial judge ordered the applicant's probation set aside.

of Hilary, Easter, Trinity, Michaelmas, being the names of the four terms of the courts of common law in England. These "terms" are described by Spelman as being no less than those leisure seasons of the year which were not occupied by the great festivals or feasts, and which were not liable to the general avocations of rural business. Putting it colloquially, what this means is that when there were no parties, there would be court, and when there were parties, there would be no court, which does not sound too bad. Although civilization and its attending commerce have in modern times extended the business of our courts beyond the limits of merely leisurely periods, nevertheless, "terms", definite and fixed by law, are prescribed and are absolutely necessary to the successful administration of judicial duties. *Horton v. Miller,* 38 Pa.St. 270, 271 (2 Wright); *State v. McHatton,* 25 P. 1046, 10 Mont. 370 (Mont. 1891). Also, a "term of court" is regarded in law as but one day or a unit of time, and all acts done within the term are regarded as having been done contemporaneously. *People ex rel. Naber v. Wells,* 99 N.E. 606, 607, 255 Ill. 450 (Ill.1912).

It has also been written that if a judgment or decree is entered, the record remains in the breast of the court, and the court may, at anytime during the term, amend it or set it aside on its own motion or, if good cause is shown by one of the parties, the court may amend or set the judgment aside—as justice and the right of the case may seem to require. The court retains jurisdiction of the parties and the subject-matter of the litigation until the end of the term, and the judgment or decree does not become final or pass beyond the court's control until that time. *Williams v. State,* 145 Tex.Cr.R. 536, 170 S.W.2d 482, 486 (App.1943); *Krieger v. Krieger,* 77 N.E. 909, 911, 221 Ill. 479, *Shannahan et al. v. Stevens,* 28 N.E. 804, 139 Ill. 428 (Ill.1891). But, as noted, once the term of court has expired or adjourned,

*and* the judgment of conviction has become final, the court loses jurisdiction over the case, except in the instance where the defendant has been placed on probation, but the jurisdiction in that instance is limited by the provisions of Art. 42.12, supra.[4] In this regard, see *Langford v. State,* 578 S.W.2d 737 (Tex.Cr.App.1979), in which a majority of this Court disagreed with the original panel opinion that was filed in that cause, see *Langford v. State,* 571 S.W.2d 326 (Tex.Cr.App.1978), but could not at that time do anything about the panel opinion because the term of this Court had expired and the judgment had become final before the State presented to this Court an untimely motion for leave to file for rehearing. Also see *Ex parte Pruitt,* supra.

I am aware of the fact that there might be many members of the bench and bar, including appellate court judges, who are unfamiliar with the meaning of the legal phrase "term of court". This fact was truly brought home to me when I read the opinion by the Houston [14th] Court of Appeals dismissing the applicant's appeal. *Williams v. State,* 692 S.W.2d 545 (Tex. App.—Houston [14th] 1985). The opinion, as well as the record of this cause, reflects that the applicant attempted to appeal to that court after the trial judge had ordered his probation set aside, sentenced him, overruled his motion for new trial, after which the applicant gave notice of appeal. The court of appeals, however, dismissed his appeal, holding that the notice of appeal in that cause had not been given timely, even though his probation had previously been set aside and notice of appeal was given immediately after the applicant's motion for new trial was overruled in that cause. The court of appeals clearly erred in dismissing the appeal. Under Art. 44.08, V.A.C.C.P., the notice of appeal was timely given. Notwithstanding that the court of appeals erroneously dismissed the appeal, but relying upon this Court's two judge pan-

---

**4.** An exception to this rule involves "shock probation". In that instance, even though the judgment of conviction has become final and the defendant has commenced serving his sentence, with certain exceptions, the trial judge still has jurisdiction to place the defendant on probation. See Art. 42.12, Sec. 3e, supra.

el opinion of *Villarreal v. State*, 590 S.W.2d 938 (Tex.Cr.App.1979), it gratuitously remarked: "Under the curcumstances, the trial court technically possessed the authority to set aside the void portion of the judgment and enter a proper sentence." (546).

The major reason that the two judge panel opinion of *Villarreal v. State*, supra, is wrong in holding that it was permissible for the trial judge in that cause, five months after he had assessed an unlawful punishment, to grant the State's motion to reopen the punishment and assess a proper punishment, lies in the fact that it failed to take into consideration the terms of the trial court in that cause, as well as the fact that "the judgment of conviction" in that cause had become final. By statute, the terms for that court were fixed by the Legislature as follows: "The first Mondays in January, April, July, and October of each year." Art. 199 (146), V.A.C.S. The record of that cause reflects that the unlawful punishment was assessed on August 16, 1978. The defendant did not file a motion for new trial or give notice of appeal. On March 28, 1979, the trial judge reassessed the defendant's punishment. This clearly establishes that the reassessment of punishment not only occurred after the term of court in which the original punishment was assessed had expired or adjourned, but in addition clearly establishes that "the judgment of conviction" had long since become final when the reassessment of punishment occurred.

The second, but just as important, reason why *Villarreal v. State*, supra, was erroneously decided lies in the fact that, in light of the facts and the law then in existence, the two-judge-panel opinion's reliance upon *Cooper v. State*, 527 S.W.2d 898 (Tex.Cr. App.1975); and *Saunders v. State*, 511 S.W.2d 281 (Tex.Cr.App.1974), was sorely misplaced.

In *Cooper v. State*, supra, the author of that opinion correctly held, albeit for the wrong reasons, that it was proper for the trial court to reassess the punishment after

he discovered that the punishment he had previously assessed was an unlawful punishment. The reassessment of punishment in that cause occurred, however, during the same term of court in which the original conviction occurred; thus, the trial court still had jurisdiction over the case. As previously noted, it is only when the trial court's term has expired that it may not thereafter on its own reform a judgment or reassess punishment, unless the error is a clerical error which may be corrected through a nunc pro tunc proceeding. Technically speaking, once the trial court's term has expired, and the judgment of conviction has become final, the trial court has lost jurisdiction over the case. If the defendant is placed on adult probation, then, of course, jurisdiction continues but only to the extent provided by the provisions of Art. 42.12, supra.[5] Thus, the trial judge in *Cooper v. State*, supra, because he acted during the same term of court in which the conviction had occurred, had authority to reassess the punishment, and that was all that needed to be stated in *Cooper v. State*, supra, in order to dispose of the defendant in that cause's contention that the trial judge was without jurisdiction to reassess the punishment.

The opinion of *Saunders v. State*, supra, reflects that after the defendant in that cause was convicted he appealed his conviction to this Court, which, because the punishment that was assessed by the trial court was below the minimum, remanded the cause to the trial court to reassess the punishment. This was permissible because the judgment of conviction had not become final due to the appeal. Furthermore, an appellate court with jurisdiction over an appeal has the statutory authority either to reverse and remand the cause for a new trial, affirm the judgment of conviction, reform and correct the judgment, or may enter any other appropriate order, as the law and nature of the case may require. See Art. 44.24, V.A.C.C.P.

---

5. Also see footnote 4, ante.

In this regard, if an unlawful punishment is assessed by the trial court, and the case is appealed, if the conviction is not ordered reversed, the appellate court will remand the cause to the trial court to assess the proper punishment. *Saunders v. State,* supra. Such will also occur if the defendant complains of an unlawful punishment that was assessed by the trial court in a post-conviction writ of habeas corpus. *Ex parte Hill,* 528 S.W.2d 125 (Tex.Cr.App. 1975); *Ex parte Murillo,* 528 S.W.2d 127 (Tex.Cr.App.1975). But carefully note that it is the defendant, and no one else, by taking a direct appeal or by filing a post-conviction application for writ of habeas corpus, who requests that the unlawful punishment be disturbed. Of course, as noted, an appellate court with jurisdiction over the case can sua sponte remand the cause to the trial court for the assessment of a proper punishment, if the punishment was assessed by the trial judge. In the instance where the trial court has unlawfully reassessed a proper punishment, that is favorable to the defendant, and the defendant complains either on appeal or through a post-conviction application for writ of habeas corpus of the original punishment, this Court will not remand the cause to the trial court to reassess the punishment because that would be doing a useless act. "The trial judge, in reducing the sentence, has already done that which he would be expected to do on remand." *Miller v. State,* 472 S.W.2d 269, 271 (Tex. Cr.App.1971); *Wagoner v. State,* 434 S.W.2d 868, 869 (Tex.Cr.App.1968). But cf. *Cazares v. State,* 488 S.W.2d 455, 457 (Tex. Cr.App.1972).

For the above and foregoing reasons, if *Villarreal v. State,* supra, stands for the proposition that a trial court has jurisdiction, authority, or power to reassess punishment after the term of court in which the conviction occurred has expired and, with the possible exception of "shock probation", after the judgment of conviction has become final, and except where the defendant is placed on adult probation, it has jurisdiction over the case pursuant to the provisions of Art. 42.12, supra, then it

should be quickly and expressly overruled by this Court.

Of course, in light of what I have stated, this leads me to now resolve the very important question: What if an unlawful punishment has been assessed, the defendant never complains, the term of court has expired, and the judgment of conviction has become final? Is the State without any lawful remedy? Certainly not. If a trial judge assesses an unlawful or unauthorized punishment, the State's remedy is to seek a writ of mandamus against the trial judge, unless it is prohibited from doing so because of laches. See *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr.App. 1974); *Cathey & Carrell et al. v. Terrell, Railroad Com'r, et al.,* 121 Tex. 130, 45 S.W.2d 956 (Sup.1932). Of course, the State may not seek a new trial. See *Ramirez v. State,* supra; *Castro v. State,* 118 Tex.Cr.R. 53, 42 S.W.2d 779 (App.1931). In this instance, prior to when the trial judge in this cause set aside the applicant's probation, the State never sought to void his unlawful act of placing the applicant on probation by seeking a writ of mandamus, even though the State knew or should have known that the trial judge's act in probating the punishment was not authorized by statute. In light of the fact that the trial judge in this cause was the same one in *State ex rel. Vance v. Hatten,* supra, the State was certainly experienced in how to find this Court in order to obtain a writ of mandamus against the trial judge—to order him to reform the punishment that was assessed, by deleting from the judgment the order probating the applicant's punishment. But, the State did not do anything prior to the hearing on the applicant's motion to quash the State's motion to revoke the probation to have the trial court's order placing the applicant on probation set aside. Because of laches, it may not now obtain a writ of mandamus.

In closing, I will be the first to concede that if the law is to be given meaning, it calls for a strange result in this cause. But, unless and until the law is changed by

the Legislature, because of stare decisis, we must give meaning to the law.

In this instance, the majority should hold, not that the applicant is entitled to have his plea of guilty set aside, but only that he is entitled to have his probation reinstated. Cf. *Ex parte Stansbery*, 702 S.W.2d 643, (Tex.Cr.App.1986).

I respectfully dissent to the majority's holding and its failure to reinstate the applicant's probation.