TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-94-00583-CR


NO. 03-94-00584-CR


NO. 03-94-00585-CR


NO. 03-94-00586-CR


NO. 03-94-00587-CR


and


NO. 03-94-00588-CR






Kimberly Dawn Leavelle, Appellant



v.



The State of Texas, Appellee







FROM THE CRIMINAL DISTRICT COURT NO. 2 OF DALLAS COUNTY 


NOS. F-9401676-MI, F-9401675-MI, F-9401674-MI, F-9400457-HI, F-9424651-I, & F-9424643-I


HONORABLE LARRY W. BARAKA, JUDGE PRESIDING







PER CURIAM


 In each cause, appellant pleaded guilty and judicially confessed to the offense of
robbery. Tex. Penal Code Ann. § 29.02 (West 1994). (1) In number 3-94-586-CR, the criminal
district court found that the evidence substantiated appellant's guilt, deferred further proceedings,
and placed appellant on community supervision. In the other causes, the court adjudged appellant
guilty and assessed punishment, enhanced by two previous felony convictions, at imprisonment
for fifty years.

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. A pro se brief was filed.

 In her pro se brief, appellant complains that she was not admonished regarding the
enhanced punishment range. The record contradicts this assertion. Appellant also complains that
the court did not admonish her regarding its authority to defer adjudication. No such admonition
was required. Ex parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986). Finally,
appellant urges that she would not have pleaded guilty if she had known the court would assess
the punishment it did. Appellant's second thoughts do not entitle her to a new trial.

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. Further, we find nothing in the record that might arguably support
the appeal.


 In number 3-94-586-CR, the order deferring further proceedings without
adjudication is affirmed. In each of the other causes, the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed on All Causes

Filed: June 21, 1995

Do Not Publish
1. Section 29.02 was amended in a nonsubstantive way after these offenses were committed.