Davey Dwayne Reed v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-066-CR
No. 10-97-067-CR
No. 10-97-068-CR
No. 10-97-069-CR

     DAVEY DWAYNE REED,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 204th District Court
Dallas County, Texas
Trial Court Nos. F96-20899-WQ, F96-22250-NQ,
F96-22718-Q & F96-30424-VQ
                                                                                                                 

O P I N I O N
                                                                                                                 

      This is an appeal of the four above-numbered cases tried together in the district court against
the same above-named Appellant. Two of these cases are appeals in which Appellant entered a plea
of guilty and the trial court found him guilty and assessed punishment, and the other two cases are
appeals from revocation of probation.
      The following is a brief background of each case:
      (1) No. 10-97-066-CR had the trial court number F96-20899-WQ wherein Appellant was
indicted for the offense of tampering with a government record, a violation of the Texas Penal
Code, Sec. 37.10 (Vernon 1994). In this case the State filed a motion to reduce the offense charged
to a state jail felony, which motion was granted. Appellant waived a jury trial and entered a plea
of guilty. The trial court sentenced Appellant to two (2) years in a state jail facility, from which
Appellant appeals.
      (2) No. 10-97-067-CR had the trial court number F96-22250-NQ wherein Appellant was
indicted for the offense of theft of property of the value of $1,500 or less (enhanced by two
previous convictions of theft) in violation of Texas Penal Code, Sec. 31.03 (Vernon 1994). On
July 18, 1996, Appellant waived a jury trial and entered a plea of guilty. Pursuant to a plea bargain
agreement, the trial court found Appellant guilty and sentenced him to two (2) years confinement
in a state jail facility, probated for 5 years and, in addition thereto, assessed a $300 fine. 
Thereafter on November 13, 1996, the State filed a motion to revoke Appellant’s probation. At
trial on December 6, 1996, Appellant pled true to the allegations, whereupon the trial court revoked
his probation and sentenced him to two (2) years confinement in a state jail facility and assessed
a $300 fine, from which Appellant appeals.
      (3) No. 10-97-068-CR had the trial court No. F96-22718-Q wherein Appellant was charged
by affidavit and information with the offense of theft of property of the value of $1,500 or less
(enhanced) in violation of Texas Penal Code, Sec. 31.03. On July 18, 1996, Appellant waived a
jury trial and pled guilty to the offense. Pursuant to a plea bargain agreement the trial court
sentenced Appellant to two (2) years confinement in a state jail facility, probated for five (5) years,
and a $300 fine. On November 13, 1996, the State moved to revoke his probation. On December
6, 1996, Appellant pled true to the motion to revoke probation. The trial court revoked his
probation and sentenced him to two (2) years confinement in state jail and a $300 fine, from which
Appellant appeals.
      (4) No. 10-97-069-CR had the trial court No. F96-30424-VQ wherein Appellant was indicted
for the offense of theft of property of the value of $1,500 or less (enhanced) in violation of Texas
Penal Code, Sec. 31.03. On December 6, 1996, Appellant waived a jury trial and pled guilty,
whereupon the trial court sentenced Appellant to two (2) years in a state jail facility, from which
Appellant appeals.
      Appellant comes to this court on three points of error as follows:
      (1) The trial court failed to admonish Appellant on the range of punishment pertaining to his
case. This point of error applies to trial court numbers F96-30424-VQ and F96-20899-WQ, both
of which were appeals from the trial court’s adjudication of guilt wherein Appellant pled guilty.
      (2) Appellant’s guilty pleas were not made knowingly and voluntarily. This point of error
likewise applies to trial numbers F96-30424-VQ and F96-20899-WQ.
      (3) Appellant’s pleas of true to the motions to revoke probation were not made knowingly and
voluntarily. This point of error applies to trial court numbers F96-22718-Q and F96-22250-NQ,
in both of which cases the appeal was from the trial court’s revocation of probation.
      We overrule all of Appellant’s points and contentions and affirm the trial court’s judgment.
      Reverting to Appellant’s first point of error, he complains that he did not receive an
admonishment regarding the punishment range for Cause Nos. F96-20899-WQ and F96-30424-VQ.
      The record in each case shows that the trial court gave Appellant in writing the range of
punishment for each case as well as his statutory and constitutional rights, in each case the writing
was signed by the trial court and in each case an acknowledgment was signed by Appellant and his
attorney. The acknowledgment in each case is worded as follows:
            I have read the above and foregoing admonitions by the court regarding my
rights. I understand the admonitions, and I understand and am aware of the
consequences of my plea. Furthermore my lawyer has explained to me all of the
admonitions given by the court in this document.
 
      Prior to accepting a guilty plea, the trial court is required to admonish the defendant of the
range of punishment attached to the offense. Tex. Code Crim. Proc. art. 26.13(a)(1). This
admonishment may be oral or written. Tex. Code Crim. Proc. art. 26.13(d). Failure to admonish
a defendant is fundamental error. Whitten v. State, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979). 
When the record shows that a defendant received an admonishment on punishment, it is a prima
facie showing that the guilty plea was knowing and voluntary. Richard v. State, 788 S.W.2d 917,
920 (Tex. App.—Houston [1st Dist.] 1990, no pet.). The burden then shifts to the defendant to
show that he entered his plea without understanding the consequences of such plea. Fuentes v.
State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985).
      The trial court need not ask any certain questions or follow any formula to substantially comply
with article 26.13. Richards v. State, 562 S.W.2d 456, 458 (Tex. Crim. App. 1977).
      Article 26.13 requires reversal of the conviction when the trial court wholly fails to admonish
the defendant concerning punishment. Ex parte McAtee, 599 S.W.2d 335 (Tex. Crim. App. 1980). 
On the other hand, when the record shows that the trial court gave an admonishment that was
incomplete or incorrect, there is a prima facie showing of a knowing and voluntary plea of guilty. 
The burden then shifts to the defendant to show that he entered the plea without understanding the
consequences of his action and thus was harmed. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.
Crim. App. 1985); Grays v. State, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.).
      In neither of the two cases before us on this point of error were there any plea bargains
involved, but in both cases the defendant’s pleas were “open” pleas. In each of the cases Appellant
signed written admonitions which contained the correct range of punishment for the respective
offenses. See Tex. Penal Code, §§§ 37.10, 31.03(e)(4)(D), and 12.35.
      Appellant has failed to show that he did not understand the range of punishment for the
offenses and has not shown that he was misled or harmed by the admonitions given. Appellant’s
first point of error is overruled.
      By his second point of error Appellant complains that his guilty pleas were not made
knowingly and voluntarily in Causes F96-20899-WQ and F96-30424-VQ. The record clearly
shows that Appellant entered his guilty pleas knowingly and voluntarily.
      Substantial compliance by the trial court with the admonishment statute is sufficient unless the
defendant affirmatively shows that he was not aware of the consequences of his plea and that he was
misled or harmed by the admonishment of the court. Tex. Penal Code art. 26.13(c) (Vernon
1989). When the record shows that defendant received an admonishment on punishment, it is a
prima facie showing that the guilty plea was knowing and voluntary. Ex parte Williams, 704
S.W.2d 773, 775 (Tex. Crim. App. 1986). The burden then shifts to defendant to show that he
entered his plea without understanding the consequences of such plea. Fuentes v. State, 688
S.W.2d 542 (Tex. Crim. App. 1985); Richard v. State, 788 S.W.2d 917, 920 (Tex. App—Houston
[1st Dist.] 1990, no pet.).
      In determining whether a plea is voluntary, the court should consider all the facts and
circumstances. Goodie v. State, 735 S.W.2d 871, 873 (Tex. App.—Houston [14th Dist.] 1987,
pet. ref’d), 745 S.W.2d 379 (Tex. Crim. App. 1988); Brown v. State, 491 S.W.2d 124, 125 (Tex.
Crim. App. 1973). The rule that a guilty plea must be voluntary, especially as it concerns
consequences is not without limits. See Ex parte Evans, 690 S.W.2d 274, 277 (Tex. Crim. App.
1985).
      Appellant asserts that his answers to the trial court’s questions indicate that he did not
understand the proceedings. While Appellant’s initial responses may indicate that he did not
understand some of the legal terms, yet when the court or his attorney clarified the matter,
Appellant responded appropriately and indicated that he understood. And this is significant: it is
clear that Appellant wanted to enter “open pleas” to these two offenses hoping that the trial court
would sentence him to drug treatment. When this portion of the record is read in context, it shows
that Appellant was thinking about his request for drug rehabilitation rather than what the practical
considerations were——the trial court was giving him admonitions and Appellant believed it was
time for him to state his request for drug treatment.
      Nothing in the record shows that Appellant did not enter his “open pleas” knowingly and
voluntarily. He clearly indicated that he understood that the court could sentence him to any term
within the range of punishment. Appellant’s second point of error is overruled.
      In his third and final point of error in Cause Nos. F96-22250-NQ and F96-22718-Q Appellant
contends that his pleas of true to the motions to revoke probation were not made knowingly and
voluntarily. To the contrary, the record shows that they were entered knowingly and voluntarily.
      Appellant said he understood what the State was alleging that he had done wrong while on
probation. Appellant realized that he could plead either “true” or “not true.” His signed plea of
true in both cases admitted that he had failed to report on September 26, 1996. He admitted
signing the pleas of true in each case freely and voluntarily.
      Appellant cites the following in support of his argument that his plea was not made knowingly
or voluntarily:
Q.With regard to the motion to revoke, are you pleading true to the violation of
condition D in each motion?
            A.  What is that?
            Q.  You failed to report September 26, I believe it is, 1996?
            A.  Yes.
      By this Appellant seems to assert that this indicates that he did not know what the motion to
revoke was. The written plea of true merely indicates that Appellant was pleading true to the
allegation that he did not report on September 26, 1996——it did not specifically mention
“Condition D.” Therefore, the logical conclusion is that Appellant was asking what “Condition
D” referred to in defense counsel’s question.
      The record clearly reflects that Appellant understood the proceedings and entered his pleas
knowingly and voluntarily. Appellant’s third point of error is overruled.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Justice James (Retired)
Affirmed
Opinion delivered and filed September 17, 1997
Do not publish