Opinion issued May 13, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00282-CR
NO. 01-03-00283-CR




KEITH HAMILTON DOWNS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 900246 & 900247




OPINION ON MOTION FOR REHEARING

          Appellant, Keith Hamilton Downs, has filed a pro se motion for rehearing of
our opinion issued on March 18, 2004. We grant rehearing and withdraw our opinion
and judgment of March 18, 2004, and issue this opinion in its stead.
          Appellant was charged by separate indictments with two felony offenses of
aggravated robbery with a deadly weapon. Appellant pleaded guilty to the charges
without an agreed recommendation for punishment from the State, and, following a
pre-sentence investigation (PSI) hearing, the trial court sentenced appellant to 40
years’ confinement and a $10,000 fine for each offense. On appeal, appellant’s
appointed counsel filed an Anders brief


 stating that he had not found any arguable
grounds for appeal. Appellant filed a pro se response to counsel’s Anders brief
asserting three issues that he believed constituted arguable grounds for appeal. 
Appellant contends that his pleas of guilty were unknowing and involuntary because
the trial court and trial counsel erroneously informed him that community supervision
was available as a possible punishment, and that he was denied effective assistance
of counsel because his trial counsel did not elicit certain mitigating evidence with
respect to his punishment. We conclude that appellant has raised no arguable
grounds for appeal, affirm, and grant appellant’s counsel’s motion to withdraw.
Anders Procedure
          Under Anders, after this Court receives a brief from the defendant’s court-appointed attorney claiming that there are no arguable grounds for appeal, we must
review the record to make an independent determination. Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). We consider any pro se response that the
defendant may file to the Anders brief, but we do not rule on the ultimate merits of
the defendant’s pro se response. If we determine that there are arguable grounds for
appeal, we must abate the appeal, remand the case to the trial court, and allow the
court-appointed attorney to withdraw. Id. The trial court must then either (1) appoint
another attorney to present all arguable grounds for appeal or (2) allow the defendant
to proceed pro se if the defendant so desires. Id. at 511.
Voluntariness of Plea
          In his first two issues, appellant claims that his pleas of guilty were unknowing
and involuntary because (1) the trial court failed to admonish him that community
supervision was not an available punishment for the felony offense of aggravated
robbery, and (2) his trial counsel erroneously advised him that he was eligible for
community supervision.
          The voluntariness of a plea is determined by the totality of circumstances. 
Lopez v. State, 25 S.W.3d 926, 928 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
There is a presumption of regularity of the judgment and the proceedings, and the
burden is on the defendant to overcome this presumption. Id. When, as in this case,
the defendant waives a court reporter at the plea hearing, the burden is nonetheless
on the defendant to see that a sufficient record is presented on appeal to show error. 
See id at 928-29. Here, both judgments provide as follows: 
The Defendant waived his right of trial by jury, and pleaded as indicated
above [guilty of aggravated robbery]. Thereupon, the Defendant was
admonished by the Court as required by law. It appearing to the Court
that the Defendant is mentally competent to stand trial, that the plea is
freely and voluntarily made, and that the Defendant is aware of the
consequences of his plea; the plea is hereby received by the Court and
entered of record.

In the absence of an affirmative showing to the contrary, the foregoing recitation in
the judgment is entitled to a presumption of regularity. Id. at 929. 
Court Admonishments 
          Appellant waived the right to have a court reporter record his plea of guilty and
sentencing hearing, and the record is silent concerning whether appellant also
received oral admonishments in addition to the written ones. Thus, we do not know
whether the trial court admonished him orally about his ineligibility for community
supervision for aggravated robbery under the Code of Criminal Procedure Article
42.12, Sections 3 and 3g. Tex. Code Crim. Proc. Ann. art. 42.12 §§ 3, 3g (Vernon
Supp. 2004).
          Even if appellant received only written admonishments from the court
concerning community supervision, however, those written admonishments were
substantially correct. Appellant was admonished for each of his offenses that:
 
(1) you are charged with the felony of aggravated robbery . . . If
convicted, you face the following range of punishment:
 
FIRST DEGREE FELONY: a term of life or any term of not
more than 99 years or less than 5 years in the Institution Division of the
Texas Department of Criminal Justice, and in addition, a fine not to
exceed $10,000 may be assessed.

Each admonishment included an acknowledgment by appellant concerning deferred
adjudication, which stated as follows:
(7) I understand that if the Court grants me Deferred Adjudication
under Article 42.12 Sec. 3d(a) V.A.C.C.P. on violation of any condition
I may be arrested and detained as provided by law. I further understand
that I am then entitled to a hearing limited to a determination by the
Court of whether to proceed with an adjudication of guilt on the original
charge. If the court determines that I violated a condition of probation,
no appeal may be taken from the Court’s determination and the Court
may assess my punishment within the full range of punishment for this
offense. After adjudication of guilt, all proceedings including the
assessment of guilt and my right to appeal continue as if adjudication of
guilt had not been deferred.
The written admonishments from the court also include appellant’s acknowledgment
that:
(8) I have freely, knowingly, and voluntarily executed this
statement in open court with the consent of and approval of my attorney.

          . . .
 
(11) Joined by my counsel, I state that I understand the foregoing
admonishments and I am aware of the consequences of my plea. . . . I
am totally satisfied with the representation provided by my counsel and
I received effective and competent representation . . . .

Appellant initialed each written admonishment at the beginning of each document. 
Appellant, his trial attorney, the State’s attorney, and the trial court judge each signed
the last page of the documents, which contained all of the written admonishments,
statements, and waivers by appellant.
          A trial court has an affirmative duty to admonish a defendant on the “range of
punishment attached to the offense” before the court may accept any plea of guilty. 
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2004). A trial court has
no duty to admonish a defendant about his eligibility for community supervision. Ex
Parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); Richard v. State, 788
S.W.2d 917, 919 (Tex. App.—Houston [1st Dist.] 1990, no pet.). The Court of
Criminal Appeals has “long held” that the range of punishment that must be included
in the required admonishment does not include community supervision. Williams,
704 S.W.2d at 775. However, if a court volunteers information about community
supervision, the information provided must be accurate. Id. at 775; Richard, 788
S.W.2d at 919. A guilty plea is involuntarily induced, therefore, if it is shown that:
(1) the trial court volunteered an admonishment that included information on the
availability of community supervision, thereby creating an affirmative duty to provide
accurate information on the availability of community supervision; (2) the trial court
provided inaccurate information on the availability of community supervision,
thereby leaving the defendant unaware of the consequences of his plea; and (3) the
defendant was misled or harmed by the inaccurate admonishment. Williams, 704
S.W.2d at 776-77; Tabora v. State, 14 S.W.3d 332, 334 (Tex. App.—Houston [14th
Dist] 2000, no pet.).
          Because the written documents concerning appellant’s pleas do not advise
appellant of any eligibility for probation or community supervision under the Code 
of Criminal Procedure article 42.12, section 3, the record before us does not show that
appellant was misled by the trial court. See Tex. Code Crim. Proc. Ann. art. 42.12
§§ 3, 3g; Williams, 704 S.W.2d at 776-77; Tabora, 14 S.W.3d at 334; Richard, 788
S.W.2d at 919. The record reflects that the trial court correctly advised appellant
concerning the possibility of receiving community supervision or probation only
through deferred adjudication pursuant to the Code of Criminal Procedure article
42.12, section 5, for which appellant was eligible. See Tex. Code Crim. Proc. Ann.
art. 42.12 § 5 (Vernon Supp. 2004).
Attorney’s Advice
          Appellant contends that the motion for community supervision, signed by
appellant, and requesting that “the judge presiding place me on community
supervision” indicates that he was misadvised by his attorney concerning his
eligibility for probation. We will not speculate concerning appellant’s trial attorney’s
reasons for filing the motion for probation and the discussions between appellant and
his attorney. See Powers v. State, 727 S.W.2d 313, 315-16 (Tex. App.—Houston [1st
Dist.] 1987, pet. ref’d). An attorney could have correctly advised appellant that he
could receive probation or community supervision through deferred adjudication for
the offenses. See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(d) (Vernon
Supp. 2004). Appellant raises other complaints concerning his attorney’s advice
about his eligibility for community supervision by the court, but these are not
supported by the record. Accordingly, we will not accept appellant’s assertations as
fact. See Gelabert v. State, 712 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.]
1986, pet. ref’d).
          We conclude that there is no merit to appellant’s first and second issues.
Ineffective Assistance of Counsel
          In his third issue, appellant claims that he was denied effective assistance of
counsel because his trial counsel failed to present evidence during the sentencing
hearing.
          To be entitled to a new trial based on ineffective assistance, an appellant must
show that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment, and that (2) there is a reasonable
probability that, but for counsel’s error, the result of the proceedings would have been
different. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State, 726 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). The defendant
bears the burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at
687, 104 S. Ct. at 2064. A claim of ineffective assistance of counsel must be firmly
supported in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).
          Appellant contends that his trial counsel failed to introduce mitigating evidence
during the sentencing hearing, including character witnesses and medical evidence
demonstrating his drug dependency and confused mental state. Because appellant
waived his right to have a court reporter record the sentencing hearing, there is no
record of the evidence that appellant’s trial counsel presented. We conclude that the
record fails to support appellant’s contentions concerning trial counsel’s actions
during the sentencing hearing. See McFarland, 928 S.W.2d at 500. Appellant has
failed to establish that trial counsel was ineffective, and we will not make a finding
of ineffectiveness based on speculation. See Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.—Houston [1st Dist.] 1996, no pet.).
          We conclude that there is no merit to appellant’s third issue.
 
 
 
 
 
 
 
 
 
Conclusion
          After reviewing appellant’s pro se responses and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant
appellant’s counsel’s motion to withdraw.



 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Publish. Tex. R. App. P. 47.2(b).