COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-562-CR

 

 

CHRISTOPHER GEORGE JOHNSON, JR.                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Appellant Christopher George
Johnson, Jr. made an open plea of guilty to aggravated robbery and waived his
right to have a jury assess punishment. 
After a punishment hearing, the trial court sentenced him to ten years= incarceration.  The gist of
Appellant=s complaint
on appeal is that he was not aware that he would be ineligible for Aprobation@ if
punishment were assessed by the trial court. 
In his first point, Appellant argues that he was denied effective
assistance of counsel because his court-appointed lawyer did not tell him that
he was ineligible for probation.  In his
second point, he argues that the trial court erred by failing to admonish him
that he was ineligible for probation.  We
affirm.

                                            Background

A grand jury indicted
Appellant for aggravated robbery.  When
his case was called for trial, Appellant made a written judicial confession and
open plea of guilty and waived his right to have a jury assess punishment.  The trial court admonished Appellant of the
consequences of his plea in writing, and Appellant acknowledged receipt of the
admonishments by signing them. 

The trial court then
conducted a hearing on punishment.  The
State elicited testimony from four victims of Appellant=s robbery.  Appellant and his
mother testified on Appellant=s behalf.  At the conclusion of
the hearing, the trial court sentenced Appellant to ten years= confinement.

                                             Discussion








AProbation,@ properly called community supervision, is governed by article 42.12
of the code of criminal procedure.  See
Tex. Code Crim. Proc. Ann. art.
42.12 (Vernon Supp. 2005).  A jury that
imposes confinement as a punishment for an offense may recommend to the judge
that the judge suspend imposition of the sentence and place the defendant on
community supervision.  Id. ' 4a.  But when the judge, rather
than a jury, assesses punishment, the judge may not place the defendant on
community supervision if the defendant is adjudged guilty of (among other
crimes) aggravated robbery.  Id. ' 3g.  A judge may, however,
defer the adjudication of guilt and place the defendant on community
supervision when the defendant pleads guilty or nolo contendere.  Id. ' 5.

In this case, Appellant
pleaded guilty to aggravated robbery and waived his right to a jury.  Therefore, the trial court had the option to
defer the adjudication of guilt and place Appellant on community supervision,
but it could not place Appellant on community supervision if it found him
guilty.  See id.  ''  3g, 5.  With this in mind, we turn to Appellant=s points on appeal.

                               Ineffective assistance of counsel

We apply a two-pronged test to
ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  First, Appellant must show that
his counsel=s
performance was deficient; second, Appellant must show that the deficient
performance prejudiced the defense.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770,
770 (Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  A[C]ounsel is strongly presumed to have rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional
judgment.@  Id. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  Our scrutiny of counsel=s performance must be highly deferential, and every effort must be
made to eliminate the distorting effects of hindsight.  Strickland, 466 U.S. at 689, 104 S.
Ct. at 2065.








Direct appeal is usually an
inadequate vehicle for raising an ineffective assistance of counsel claim
because the record is generally undeveloped. 
Goodspeed v. State, No. PD-1882-03, 2005 WL 766996, at *2 (Tex.
Crim. App. April 6, 2005).  An
application for a writ of habeas corpus is the more appropriate vehicle to
raise such a claim.  Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003). 
This is true with regard to the question of deficient performanceCin which counsel=s conduct is
reviewed with great deference, without the distorting effects of hindsightCwhere counsel=s reasons
for failing to do something do not appear in the record.  Goodspeed,  2005 WL 766996, at *2.  The court of criminal appeals has said that Atrial counsel should ordinarily be afforded an opportunity to explain
his actions before being denounced as ineffective.@  Id. (citing Rylander,
101 S.W.3d at 111).  Absent such an
opportunity, an appellate court should not find deficient performance unless
the challenged conduct was so outrageous that no competent attorney would have
engaged in it.  Id. 

Appellant does not actually
contend that his trial lawyer failed to tell him that he would be ineligible
for community supervision under section 3g. 
Instead, he argues that his Aplea of guilty was likely ill-premised . . . in a setting that
would [lead] any layperson to believe that probation was available and under
deliberation.@ [Emphasis
added.]  Appellant points to a pretrial Aapplication for probation@ and the use of the word Aprobation@ during his
punishment hearing to suggest that he was misled into thinking that he was
eligible for community supervision. 








The application for probation
was filed almost three weeks before Appellant pleaded guilty.  The application simply asserts that Appellant
had never been convicted of a felony. 
The application is signed by his lawyer, but the affidavit attached to
the application and swearing to its truth was not executed by Appellant.  The application does not show what, if
anything, counsel told Appellant about the availability of community
supervision.  Nor is there anything in
the record to suggest that the application was filed in anticipation of or
connection with Appellant=s guilty
plea and jury waiver.  

With regard to the use of the
term Aprobation@ at the
punishment hearing, the record reflects that Appellant asked the court for Adeferred probation,@ and that his lawyer argued to the court that Appellant deserved Adeferred probation.@  Appellant also testified that
he and his attorney had Atalked about
the fact that this is what=s called a 3 - G offense@ and that he understood the consequences of a A3 - G offense.@  Counsel also questioned Appellant=s mother about her understanding of the consequences of Adeferred probation.@ Both Appellant and his mother agreed that if the trial court placed
Appellant on Adeferred
probation@ and
Appellant violated a condition of probation, Appellant Acould go to the penitentiary for life.@ 








Taken in context, it appears
that the term Adeferred
probation,@ as used by
Appellant=s counsel,
meant deferred adjudication community supervision.  It is difficult to imagine what else Adeferred probation@ could mean.  In addition,
Appellant acknowledged that aggravated robbery is a A3 - G@ offense, an
apparent reference to section 3g of article 42.12, which precludes Aordinary@ community
supervision as a punishment for aggravated robbery when the trial court
assesses punishment.

Appellant=s and his mother=s testimony
that the trial court could sentence Appellant to life in prison also suggests
that they understood that counsel was talking about deferred adjudication
community supervision.  Assuming that ordinary
community supervision was available (i.e., assuming that Appellant had not
pleaded guilty to a section 3g offense), 
the trial court could not place Appellant on community supervision if it
sentenced him to more than ten years= confinement.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 3(e)(1).  Thus, if the trial
court placed Appellant on ordinary community supervision and Appellant violated
a condition of community supervision, he would face at most ten years= imprisonment.  But if the trial
court deferred adjudication and placed Appellant on community supervision, and
Appellant violated a term of community supervision, the trial court could
consider the full range of punishment for aggravated robbery, all the way up to
life in prison.  See id. ' 5(b); Tex. Penal Code Ann.
' 12.32(a) (Vernon 2003).  If a
violation of a condition of Adeferred probation@ could land Appellant in prison for life, Adeferred probation@ could only mean deferred adjudication community supervision.








Based on the scant record
before us, we cannot say that the conduct of Appellant=s attorney was so outrageous that no competent attorney would have
engaged in it.  See Goodspeed,  2005 WL 766996, at *2.  Until Appellant=s trial counsel has an opportunity to explain his actions, we cannot
denounce them as ineffective.  See id.  We therefore overrule Appellant=s first issue.

                                 Trial court=s admonishments








A trial judge has an
affirmative duty to admonish a defendant on the range of punishment attached to
the offense before the court may accept the defendant=s plea of guilty.  Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (Vernon Supp. 2005).  The
judge has no duty to admonish the defendant as to his eligibility for community
supervision.  See Ex parte Williams,
704 S.W.2d 773, 775 (Tex. Crim. App. 1986). 
But if the judge volunteers information about community supervision to
the defendant, the information must be accurate; otherwise, a trial court would
be free to inaccurately admonish on community supervision, thus misleading a
defendant, simply because there was no initial duty to admonish.  See id. at 776.  Thus, a guilty plea is involuntarily induced:
(1) when a defendant shows that the trial court volunteered an admonishment
that included information on the availability of community supervision, thereby
creating an affirmative duty on the part of the trial judge to provide accurate
information on the availability of community supervision, (2) when a defendant
shows that the trial court provided him with inaccurate information on the
availability of community supervision, thereby leaving the defendant unaware of
the consequences of his plea, and (3) when a defendant makes an objective
showing that he was misled or harmed by the inaccurate admonishment.  See id. at 776-77.

Appellant concedes that the
trial court did not provide him with inaccurate information about community
supervision.  The only references in the
record to information provided by the trial court to Appellant about community
supervision appear in the trial court=s written plea admonishments, and those refer specifically to deferred
adjudication community supervision, not Aordinary@ community
supervision.  But Appellant argues that
the trial court allowed others to provide him with inaccurate information about
community supervision, and that imposed a duty on the trial court to provide
him with accurate information.








We disagree with Appellant=s contention.  First, the record
does not affirmatively reflect that anyone provided Appellant with inaccurate
information about community supervision. 
His trial attorney=s questions
and argument about Adeferred
probation@ are
ambiguous at most and do not show what his lawyer actually told Appellant about
the availability of community supervision. 
Second, Appellant cites no authority for the proposition that another
person=s misrepresentation about community supervision imposes a duty on the
trial court to provide accurate information, and our own research has
discovered none.

Appellant points to other
circumstances that he claims demonstrate his misunderstanding about community
supervision.  First, Appellant alleges
that his co-defendants all received Aprobation.@  Second, Appellant points to his adjudication
of delinquency and related probation some time before the instant
conviction.  The sentences imposed on
Appellant=s
co-defendants do not appear in the record. 
Appellant=s
adjudication of delinquency does appear in the record, and Appellant testified
that he was put on Aprobation@ as part of the adjudication, but there is nothing in the record from
which the trial court might have inferred that Appellant thought his Aprobation@ in the
earlier case meant he was eligible for community supervision in this case.  Moreover, even if we could infer from these
circumstances that Appellant thought he was eligible for community supervision,
Appellant does not explain how they imposed a duty on the trial court to
correct Appellant=s alleged
misunderstanding.

We hold that under the
circumstances presented by this case the trial court had no duty to provide
Appellant with accurate information about the availability of community
supervision.  We overrule Appellant=s second point.

 








                                             Conclusion

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.  See
Tex. R. App. P. 43.2(a).

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 9, 2006











[1]See Tex. R. App. P. 47.4.