**AFFIRMED and Opinion Filed July 13, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00935-CR**

**No. 05-22-00936-CR**

**TROY ADAM LEWIS, Appellant**
**V.**
**STATE OF TEXAS, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 33841CR, 33842-CR**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Carlyle

Mr. Lewis appeals his convictions for assault and aggravated assault, both based on open guilty pleas, for which the trial court sentenced him to ten and twenty years, respectively, to run concurrently. Though at the top of the range for both offenses, both sentences are, by definition, within the statutory ranges of punishment. *See* TEX. PENAL CODE §§ 12.33, .34. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Appellant first claims the trial court violated Code of Criminal Procedure article 26.13 by improperly admonishing him when it stated: "And this particular

charge, this aggravated assault with a deadly weapon with family violence allegation, that makes it a second degree felony with the range of punishment from probation up to 20 years in the Texas Department of Criminal Justice with an optional fine up to $20,000."[1]

After being admonished, appellant entered guilty pleas, which the court accepted. He requested a presentence investigation, and the court reset the case for a sentencing hearing without making a finding of guilt in either case. Appellant filed an "Application for Community Supervision" in each case, averring he had never been convicted of a felony and requesting that he "be placed on community supervision." At sentencing, appellant's counsel opened by asking that the court put him on probation, and the parties then proceeded to the sentencing trial, after which the court found him guilty and sentenced him.

He now claims he was ineligible for "probation," and thus the reference to "probation" in the admonishments rendered his pleas involuntary. We reject this claim in both cases because he was eligible for deferred adjudication, one type of community supervision the law recognizes. *See* TEX. CODE CRIM. PROC. arts. 42A.001(1)(A) (definition of "community supervision" includes deferred adjudication), .102 ("Eligibility for Deferred Adjudication Community

---

[1] Regarding the other charge, the court stated: "I understand you've signed them and that you plan to enter a plea today in this particular case, which is an assault family violence against a family member, with impeding breath or circulation, it's a third degree felony with a range of punishment of probation up to ten years in the Texas Department of Criminal Justice with an optional fine up to $10,000. Do you understand that?"

Supervision"); *see also Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986) (en banc).[2]

No doubt, in light of the Chapter 42A amendments, the most accurate practice is to use the phrase "community supervision," but the trial court's admonition using the word "probation" adequately and correctly advised appellant as to the substance of the punishment options. *See* TEX. CODE CRIM. PROC. art. 26.13(c) ("substantial compliance" with subsection (a) "is sufficient"); *Mason v. State*, 527 S.W.3d 505, 510–11 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). We note the word probation continues to appear in important places, that its usage will likely continue for some time given how long it has been part of the legal and public lexicon, and for at least these reasons, is an adequate way to describe the multiple types of community supervision Texas law has long recognized. *See, e.g., State v. Brent*, 634 S.W.3d 911, 917 (Tex. Crim. App. 2021) (describing "shock probation") and TEX. CONST. art. IV, § 11A ("Suspension of Sentence; Probation"); *see also West v. State*, 702 S.W.2d 629, 634 (Tex. Crim. App. 1986) (en banc) (describing the "three forms of probation").

---

[2] When the legislature recodified the laws on community supervision in 2015, it removed all but one instance of the word "probation" in chapter 42A, and that usage relates to out-of-state proceedings, likely because many state laws still use the word. *See* TEX. CODE CRIM. PROC. art. 42A.507(2).

We commend to the State a review of Chapter 42A, now in effect for nearly six years, so that it may cite current, valid sections in that chapter in lieu of superseded articles of the Code of Criminal Procedure.

Appellant next claims due process violations based on the same admonition. Because we have identified no error in the admonitions, we find no constitutional violations.

Having rejected appellant's issues, we affirm the judgments of the trial court.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

220935F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TROY ADAM LEWIS, Appellant

No. 05-22-00935-CR          V.

STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 33841CR.
Opinion delivered by Justice Carlyle.
Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered July 13, 2023



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

TROY ADAM LEWIS, Appellant

No. 05-22-00936-CR     V.

STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 33842CR.
Opinion delivered by Justice Carlyle.
Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered July 13, 2023